IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| PIERRE MALOSI APISALOMA, #A0758561, | ) ) ) | CIV. NO. 07-00607 JMS-BMK |
| Plaintiff, | ) ) ) | ORDER (1) ADOPTING JANUARY 12, 2009 FINDINGS AND RECOMMENDATION AND (2) |
| vs. | ) ) | GRANTING STATE OF HAWAII'S MOTION FOR JUDGMENT ON |
| STATE OF HAWAII, BERYL IRAMINA, CLEMENT GUZMAN, BENJAMIN CATRIZ, CARL SHIOJI, AL TANAKA, MIKE MATSUI, MYLES IYO, HANALEI PAGAN, BELDEN KAAUMOANA, | ) ) ) ) ) ) ) | THE PLEADINGS |
| Defendants. | ) ) | |
| _____ | ) | |

## ORDER (1) ADOPTING JANUARY 12, 2009 FINDINGS AND RECOMMENDATION AND (2) GRANTING STATE OF HAWAII'S MOTION FOR JUDGMENT ON THE PLEADINGS

## I.  INTRODUCTION

Before the court is Defendant State of Hawaii's Motion for Judgment

on the Pleadings.  Doc. No. 41.  Defendant State of Hawaii argues that it is

immune from suit under the Eleventh Amendment to the United States

Constitution and is not a "person" within the meaning of 42 U.S.C. § 1983.

Although given notice and an opportunity to do so, pro se Plaintiff Pierre Malosi

Apisaloma ("Plaintiff") has not opposed Defendant State of Hawaii's Motion.

After consideration of the Motion for Judgment on the Pleadings, and the entire

record herein, the court GRANTS Defendant State of Hawaii's Motion.

Also pending before the court is Magistrate Judge Barry M. Kurren's

January 12, 2009 Findings and Recommendation dismissing Defendants Beryl

Iramina, Clement Guzman, Benjamin Catriz, Carl Shioji, Al Tanaka, Mike Matsui,

Miles Iyo, Hanalei Pagan, and Belden Kaaumoana without prejudice for Plaintiff's

failure to serve them.  Doc. No. 43.  Plaintiff has not objected to the Findings and

Recommendation and the time for doing so has passed.  Because no objections

have been filed, the court ADOPTS the January 12, 2009 Findings and

Recommendation.

## II.  STANDARD OF REVIEW

Federal Rule of Civil Procedure 12(c) provides that any party may

move for judgment on the pleadings after the pleadings are closed.  The pleadings

are closed for the purposes of Rule 12(c) upon the filing of both the complaint and

answer.  *Doe v. United States*, 419 F.3d 1058, 1061 (9th Cir. 2005).  "A judgment

on the pleadings is properly granted when, taking all the allegations in the

pleadings as true, the moving party is entitled to judgment as a matter of law."

*Nelson v. City of Irvine*, 143 F.3d 1196, 1200 (9th Cir. 1998); *Owens v. Kaiser Found. Health Plan, Inc.*, 244 F.3d 708, 713 (9th Cir. 2001).

The standards governing a Rule 12(c) motion for judgment on the pleadings are the same as those governing a Rule 12(b)(6) motion to dismiss for failure to state a claim. *See Dworkin v. Hustler Magazine, Inc.*, 867 F.2d 1188, 1192 (9th Cir. 1989); *Lonberg v. City of Riverside*, 300 F. Supp. 2d 942, 945 (C.D. Cal. 2004); *Lake Tahoe Watercraft Recreation Ass'n v. Tahoe Reg'l Planning Agency*, 24 F. Supp. 2d 1062, 1066 (E.D. Cal. 1998).  To survive a motion to dismiss for failure to state a claim, a plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007).

### III. <u>DISCUSSION</u>

On December 12, 2007, Plaintiff, a prisoner then-incarcerated at the Kulani Correctional Facility ("Kulani"),[1] commenced this civil rights action. Plaintiff alleges that Defendants violated his rights to due process under the Fifth and Fourteenth Amendments to the United States Constitution.  As noted above, the State of Hawaii is the only remaining Defendant based on Plaintiff's failure to serve all other Defendants.

---

[1]  Plaintiff is now incarcerated at the Halawa Correctional Facility.

3

"[A]n unconsenting State is immune from suits brought in federal courts by her own citizens as well as by citizens of another State." *Edelman v. Jordan*, 415 U.S. 651, 662-63 (1974); *Tenn. Student Assistance Corp. v. Hood*, 541 U.S. 440, 446 (2004); *Pittman v. Or. Employment Dep't*, 509 F.3d 1065, 1071 (9th Cir. 2007).  The State of Hawaii has neither waived its immunity from suit here, nor has it consented to suit in federal court for actions under 42 U.S.C. § 1983.  *See e.g., Lapides v. Bd. of Regents of Univ. Sys. of Ga.*, 535 U.S. 613, 620 (2002) (holding that a state "voluntarily invoke[s]" federal jurisdiction and thereby waives its immunity by removing a case to federal court).  The Supreme Court has also held that a state is not a "person" within the meaning of § 1983.  *Arizonans for Official English v. Arizona*, 520 U.S. 43, 69 (1997); *Will v. Mich. Dept. of State Police*, 491 U.S. 58, 71 (1989).[2]  As such, the State of Hawaii is not amenable to suit in federal court under § 1983 and is DISMISSED.

///

///

---

[2]  The court recognizes that there is an exception to Eleventh Amendment immunity, when a plaintiff sues a state official in his or her official capacity for prospective injunctive or declaratory relief.  *See Ex Parte Young*, 209 U.S. 123 (1908).  The *Ex Parte Young* exception is inapplicable, however, to suits against states or state agencies as opposed to state officials.  *See In Re Pegasus Gold Corp.*, 394 F.3d 1189, 1195 (9th Cir. 2005) (stating that "the agencies of the state are immune from private damage actions or suits for injunctive relief brought in federal court.") (citation omitted).  Although Plaintiff seeks injunctive relief, there are no state officials remaining as defendants to this suit, but only the State itself.

4

## IV.  CONCLUSION

The January 12, 2009 Findings and Recommendation is ADOPTED, dismissing Defendants Beryl Iramina, Clement Guzman, Benjamin Catriz, Carl Shioji, Al Tanaka, Mike Matsui, Miles Iyo, Hanalei Pagan, and Belden Kaaumoana without prejudice from this action.  Defendant State of Hawaii's Motion for Judgment on the Pleadings is GRANTED.  The Clerk of Court is DIRECTED to enter judgment accordingly and terminate this action.

IT IS SO ORDERED.

DATED:  Honolulu, Hawaii, February 4, 2009.



/s/ J. Michael Seabright
J. Michael Seabright
United States District Judge

*Apisaloma v. Hawaii, et al.*, Civ. No. 07-00607 JMS-BMK; Order (1) Adopting January 12, 2009 Findings and Recommendation and (2) Granting Defendant State of Hawaii's Motion for Judgment on the Pleadings; pro se attorneys/DMP/Orders 2009/Apisaloma 07-607 JMS (grt jdgmt on pldg)